## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **DARRELL A. WAGNER, JR., #233534** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26cv327** |
| | § | |
| **SHERIFF TRACY MURPHREE, ET AL.** | § | |

### MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Darrell A. Wagner, Jr. filed a civil rights action pursuant to 42 U.S.C. § 1983. The action was assigned to the undersigned United States Magistrate Judge in accordance with the Standing Order Assigning Prisoner Civil Rights Cases Filed in the Sherman Division to a Magistrate Judge. (Dkt. ##7, 8). Plaintiff consented to have a magistrate judge conduct all proceedings. (Dkt. #11).

On April 6, 2026, the court ordered Plaintiff to pay an initial partial filing fee of $9.36 within thirty days from the receipt of the Order. (Dkt. #10). The record shows that Plaintiff received the Order on April 9, 2026. (Dkt. #13). As of this date, Plaintiff has failed to comply with the Order (Dkt. #10); thus, he has failed to prosecute his case.

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court; appellate review is only for abuse of that discretion. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. ISD*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also dismiss an action sua sponte when necessary to achieve the orderly and expeditious disposition of a case. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962); *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*,

1

835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). In this case, Plaintiff has failed to comply with the court's Order (Dkt. #10) to pay an initial partial filing fee of $9.36. Therefore, the case will be dismissed for failure to prosecute. Fed. R. Civ. P. 41(b).

It is accordingly **ORDERED** that the case is **DISMISSED** without prejudice. Fed. R. Civ. P. 41(b). Any pending motions are **DENIED** as moot.

**SIGNED this 25th day of May, 2026.**


_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE

2